**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RICHARD GAMEZ, II | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIV. NO. SA-14-CV-310-XR |
| | § | CRIM.NO.SA-06-CR-401-XR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |

**ORDER ACCEPTING THE UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

On this date, the Court reviewed the United States Magistrate Judge's Report and Recommendation and Plaintiff's objections thereto. Doc. Nos. 42 & 47. After careful consideration, the Court ACCEPTS the Recommendation. Accordingly, Gamez's motion to vacate is denied.

**BACKGROUND**

On August 2, 2006, Gamez was charged in an indictment with possession with intent to distribute heroin, possession with intent to distribute cocaine, and use of a firearm in a drug trafficking crime. Doc. No. 6. On May 23, 2007, Gamez signed a plea agreement wherein he pled guilty to count one of the indictment (possession with intent to distribute heroin) and count three (use and possession of a firearm in a drug trafficking crime). In the factual basis of the plea agreement, Gamez agreed to the following facts:

> A detective with the San Antonio Police Department
> narcotics unit learned Richard Gamez was selling cocaine from his

1

> home….  Detectives obtained a state search warrant and served it on July 21, 2006.
>
> Police officers detained Gamez as he was driving to his home on Garnett Street.  Officers found a gun in the glove box of Gamez's car:  a Colt .38 caliber revolver….  Gamez told officers that he had eight ounces of "cut cocaine" and led detectives to a box at the top of his bedroom closet.  Police seized eight ounces of cocaine from the house.  Police also found nine ounces of cocaine in the garage and 332 grams of black tar heroin in the freezer. Thirty-one firearms were seized from the home.
>
> Gamez possessed the heroin and cocaine from him with the intent to distribute it.  The gun seized from Gamez was used in furtherance of drug trafficking.[1]

On May 25, 2007, Gamez's plea of guilty was heard by a United States Magistrate Judge. During the plea hearing Gamez acknowledged that:  (1) he read the plea agreement, (2) he asked his attorney questions about the agreement; and (3) he had no questions for the magistrate judge. After hearing the Assistant U.S. Attorney read counts 1 and 3, Gamez stated he wanted to plead guilty to those counts, that he had an adequate amount of time to talk to his attorney and discuss the facts of his case and any defenses, he was satisfied with the representation provided by his attorney, and that he was pleading guilty to counts 1 and 3 because he was in fact guilty.[2]  The Magistrate Judge's Findings of Fact and Recommendation that the plea be accepted was accepted by the district judge on May 29, 2007.[3]

On August 6, 2007 a Presentence Investigation Report (PSIR) was prepared.  The PSIR noted that numerous weapons were seized from Gamez's home, including one shotgun with an

---

[1] Paragraph 3 of the Plea Agreement, Doc. No. 31.  In the Plea Agreement, Gamez acknowledged that he could receive a sentence of no less than 5 years imprisonment with a possible maximum of 40 years of imprisonment. He further acknowledged that he had received effective assistance of counsel.  See paragraph 5 of the Plea Agreement.
[2] The undersigned personally heard the audiotape recording of the plea hearing.
[3] Doc. No. 35.

obliterated serial number and one shot gun with a sawed off barrel and sawed off stock.  The PSIR also noted that Gamez was being credited with acceptance of responsibility because "at the plea hearing and during the presentence interview that he agreed with the facts as outlined in the 'Factual Basis for Plea.'"  The PSIR also noted that Gamez had obtained a GED certificate, had attended certain continuing education classes at the local junior colleges, had basic computer skills, and was a certified mechanic.  No objections were filed regarding the PSIR.

On August 31, 2007, a sentencing hearing was held and Gamez was sentenced to 60 months imprisonment on count one and 60 months imprisonment on count three to run consecutively.[4]  The Government moved to dismiss count two of the indictment.

On September 13, 2007, the Court signed a Judgment wherein Gamez was sentenced to a prison term of 120 months.[5]  No appeal was filed.

On April 7, 2014, Gamez filed this motion to vacate under 28 U.S.C. § 2255.  In that motion he claims that he was denied effective assistance of counsel.[6]  Conceding that the motion to vacate has been filed outside the limitations period set forth by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Gamez argues that the limitations period is excused because he is actually innocent of the crime alleged in count three (use and possession of a firearm in a drug trafficking crime).  Gamez argues that "counsel failed to explain to him the difference between possession of a firearm during and in relation to a drug trafficking crime and the constitutional

---

[4] Doc. No. 37.
[5] Doc. No. 38, at p. 4.
[6] Doc. Nos. 39 and 40.

right to bear arms."[7]  He argues that the gun was found in his vehicle's glove compartment, and that drugs and the gun were not both simultaneously found in the vehicle.

This motion, along with a motion for bail (doc. No. 41) was referred to Magistrate Judge Primomo for a report and recommendation.   On April 30, 2014, the Magistrate Judge recommended that the motions be denied.[8]  The Magistrate Judge stated that "in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1931- 32, 185 L.Ed.2d 1019 (2013), the Supreme Court held that a plea of actual innocence can overcome the AEDPA one-year statute of limitations for filing habeas petitions. However, the miscarriage of justice exception applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]….' *Id*. at 1933 (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995))." The Magistrate Judge concluded that Gamez did not present any new evidence to establish that he is actually innocent of possession of a firearm in furtherance of a drug trafficking crime.  Further, the Magistrate Judge noted that Gamez's plea of guilt admitted that the gun seized was used in furtherance of drug trafficking.

On May 16, 2014, Gamez filed objections to the Magistrate Judge's Memorandum and Recommendation.[9] In his objections, Gamez again argues that there was no nexus between the firearm seized and the drug trafficking offense.  Secondly, Gamez argues that the Magistrate Judge erred in determining that he was required to tender new evidence of his actual innocence. Finally, he argues that he is entitled to an evidentiary hearing.

---

[7] Doc. No. 40
[8] Doc. No. 42.
[9] Doc. No. 47.

**Standard of Review**

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Inasmuch as Gamez has objected to the entirety of the Magistrate Judge's Memorandum and Recommendation, this Court will undertake a de novo review.

**Analysis**

18 U.S.C. § 924(c)(1)(A)(i) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.

5

In section 924 cases the Government must establish more than mere possession; instead the Supreme Court requires "evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey v. U.S.*, 116 S. Ct. 501, 505–06 (1995). Despite Gamez's objections, his signed plea agreement, and his answers during the plea hearing make it clear that the Government established that Gamez used a firearm to further his possession with intent to distribute heroin. Gamez has not established that he is actually innocent of the charge and accordingly is barred by the applicable AEDPA limitations period.

In the alternative, Gamez has failed to establish an ineffective assistance of counsel claim. To demonstrate ineffective assistance of counsel, a defendant must show (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) that this ineffectiveness was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "There is a strong presumption in favor of competency." *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (*quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

In his motion to vacate, Gamez argues that "counsel failed to explain to him the difference between possession of a firearm during and in relation to a drug trafficking crime and the constitutional right to bear arms." This conclusory allegation is refuted by Gamez's admissions made in his plea agreement, the sworn statements he made before the Magistrate Judge, and the statements he made before the probation officer in order to receive an acceptance

of responsibility adjustment to his base offense level.  Further, for the reasons stated above, Gamez is not entitled to an evidentiary hearing.[10]

## Conclusion

Gamez's motion to vacate (Doc. No. 39) is denied, his motion for bond is denied (Doc. No. 41), and his motion for a "free court reporter's record" (Doc. No. 46) is denied.

SIGNED this 20th day of May, 2014.


XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE

---

[10] A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *See United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008). However, this requirement must be understood practically, in the context of the claim being presented. For example, when a defendant's allegations contradict his sworn testimony given at a plea hearing, courts have required more than "mere contradiction of his statements," typically "specific factual allegations supported by the affidavit of a reliable third person." *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986).